# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM D. WILLIAMS, | ) | 1:08-cv-00355-AWI-TAG HC |
|              Petitioner, | ) | |
| v. | ) ) ) | REPORT AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| DENNIS SMITH, | ) ) | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
|              Respondent. | ) ) | |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Petitioner filed the instant federal petition on March 12, 2008.  (Doc. 1).  The petition and attached documents indicate that in 1998 Petitioner was convicted in the United States District Court for the Northern District of Texas of car jacking, robbery, and two counts of use of a firearm.  (Doc. 1, p. 2).  Petitioner indicates that on two prior occasions his motions to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 were denied.  (Id. at p. 4).  Petitioner contends that relief pursuant to § 2255 is therefore inadequate.  (Id.).  On April 7, 2008, Petitioner filed with the Court a notice of change of address to the United States Prison in Lewisburg, Pennsylvania.  (Doc. 5).

      Petitioner now brings this habeas petition, challenging his 1998 conviction based on various constitutional grounds.   Because the Court has determined that Petitioner's claims challenge his original conviction, and therefore should have been brought in the trial court as a

motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed. The Court will also recommend dismissal for lack of personal jurisdiction over Respondent because Petitioner is no longer within the jurisdiction of this Court.

## DISCUSSION

### A. The Case Should Be Filed As A Motion Pursuant To § 2255.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Here, Petitioner raises the following grounds for relief: (1) ineffective assistance of trial counsel; (2) the trial court lack subject matter federal jurisdiction; (3) malicious prosecution by the federal prosecutor; (4) insufficient evidence to support a conviction for use of a firearm; (5) the firearm charge should be dismissed because Petitioner refused to plead to it; (6) illegal use of prior convictions; (7) Petitioner's plea of guilty was involuntary or made without adequate knowledge and advisements. (Doc. 1, Attachment).

///

1    However, the proper vehicle for a federal prisoner challenging such purported errors is a
2 motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas
3 corpus petition. Tripati, 843 F.2d at 1162. Nevertheless, a federal prisoner authorized to seek
4 relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under §
5 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell,
6 204 F.3d 861, 864-865 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
7 (quoting § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id.;
8 Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that
9 he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or
10 ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or
11 ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964)
12 (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen
13 v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-1163 (9th
14 Cir.1988)(a petitioner's fears of bias or unequal treatment do not render a § 2255 petition
15 inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d
16 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001)
17 (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act,
18 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or
19 ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
20    In this case, Petitioner states that he twice sought relief pursuant to § 2241 but those
21 filings were denied. Thus, Petitioner reasons, § 2255 is inadequate and ineffective. However,
22 other than his own conclusory assertion, Petitioner has provided no facts or circumstances
23 establishing that § 2255, in this context, is either inadequate or ineffective. Although Petitioner
24 indicates that he unsuccessfully brought motions pursuant to § 2255, the denial of prior § 2255
25 motions, as mentioned above, does not render it inadequate or ineffective. Aronson, 85 S.Ct. at
26 5; Lorentsen, 223 F.3d at 953. Hence, should Petitioner wish to pursue this claim in federal
27 ///
28 ///

court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

B. <u>Lack of Jurisdiction Requires Dismissal</u>.

At the time of filing of the instant petition, Petitioner was incarcerated in the United States Prison located at Atwater, California, which is within the jurisdiction of this Court. On April 7, 2008, Petitioner filed a notice of change of address in which he indicated that he had been transferred to the United States Prison located in Lewisburg, Pennsylvania. (Doc. 6). The United States Prison located in Lewisburg, Pennsylvania does not lie within the jurisdiction of the Eastern District of California.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. <u>See</u> U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>See</u>, <u>e.g.</u>, <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir. 1984); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1980). A habeas corpus petition under 28 U.S.C. § 2241 must be brought in the judicial district of the petitioner's custodian. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000); <u>Brown</u>, 610 F.2d at 677.

In <u>Rumsfeld v. Padilla</u>, 542 U.S. 426 (2004), the United States Supreme Court clarified the law pertaining to which district court had jurisdiction over petitions filed under § 2241:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. <u>Ibid</u>. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Northern District of Texas. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

4

judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885)(emphasis added); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing Wales, *supra,* at 574, 5 S.Ct. 1050); Braden, *supra*, at 495, 93 S.Ct. 1123 (" '[T]his writ ... is directed to ... [the] jailer,' " quoting In re Jackson, 15 Mich. 417, 439-440 (1867)).

Padilla, 542 U.S. at 434-435.

When Petitioner originally filed the instant habeas corpus petition, he was incarcerated at the United States Prison in Atwater, California. Because that facility was within the territory of the Eastern District of California, Fresno Division, this Court had jurisdiction over the action. However, Petitioner was subsequently transferred to the United States Prison in Lewisburg, Pennsylvania, which is not within the territory of this Court.

The proper respondent for a habeas petition brought under 28 U.S.C. § 2241 is the petitioner's warden. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Because Petitioner has now been transferred to the United States Prison, Lewisburg, Pennsylvania, the proper respondent for this action is now the warden of that facility. Padilla, 542 U.S. at 434-435. Indeed, the United States Supreme Court has indicated that the *custodial* district is the only district that would have jurisdiction over Petitioner's case since that is where he is presently confined. Id.

In order for a district court to have in personam jurisdiction over a petitioner's warden, the petitioner's place of confinement must be within the territorial limits of the district court. See id.; Giddings, 740 F.2d at 772. Because Petitioner is now incarcerated at the United States Prison in Lewisburg, Pennsylvania, the Court no longer has in personam jurisdiction over the Respondent in this action, i.e., Petitioner's warden. Thus, the Court no longer has jurisdiction over the petition. Should Petitioner wish to raise these claims, he must file a new habeas corpus petition under 28 U.S.C. § 2241 in the district court for the judicial district of Petitioner's current custodian.[2]

---

[2]The Court cannot simply transfer this case to the appropriate federal district in Pennsylvania because, under either 28 U.S.C. § 1406(a) or § 1631, a prerequisite to transfer is that the transferee court be a court in which the petition could have been filed at the time of filing. At the time of filing of the instant petition, Petitioner could not have filed his petition in the district court in Pennsylvania because his custodian at that time was within the jurisdiction of this Court. Accordingly, the Court's only alternative is to dismiss the case.

5

**RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 13, 2008**                                         /s/ Theresa A. Goldner
                                                                UNITED STATES MAGISTRATE JUDGE